UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
LAWRENCE KLEIN,                                                  :   05-CV-1419 (ARR)(LB)
                                                                 :
                              Plaintiff,                         :
                                                                 :   <u>NOT FOR</u>
       -against-                                                 :   <u>PUBLICATION</u>
                                                                 :
DANCOKE ASSOCIATES c/o Local 389,                                :   <u>ORDER</u>
                                                                 :
                              Defendant.                         :
                                                                 :
---------------------------------------------------------------- X

ROSS, United States District Judge:

      I have received the Report and Recommendation on the instant case dated November 21, 2005 from the Honorable Lois Bloom, United States Magistrate Judge. No objections have been filed. Having conducted a <u>de novo</u> review of the record, I hereby adopt the Report and Recommendation as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). Accordingly, this action is dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2).

      SO ORDERED.

                                                                                 Allyne R. Ross
                                                              United States District Judge

Dated: December 13, 2005
       Brooklyn, New York

SERVICE LIST:

       <u>Plantiff</u>
       Lawrence Klein
       105 Court Street
       Suite 511
       Brooklyn, NY 11201

       <u>Attorney for Defendant</u>
       Daniel T. Campbell
       Belson, Campbell & Szuflita
       11 Park Place
       10th Floor
       New York, NY 10007

cc:       Magistrate Judge Lois Bloom

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

LAWRENCE KLEIN,

               Plaintiff,

    -against-

DANCOKE ASSOCIATES c/o Local 389,

               Defendant.
--------------------------------------------------------X

REPORT AND RECOMMENDATION
05 CV 1419 (ARR)(LB)

**BLOOM, United States Magistrate Judge:**

      The instant action was referred to the undersigned for all pretrial purposes. The Court held two pretrial conferences pursuant to Fed. R. Civ. P. Rule 16 in this matter, one on October 19, 2005 and another on November 16, 2005. Plaintiff failed to appear at either conference and has failed to contact the Court or defendant's counsel. The Court's October 25, 2005 order specifically warned plaintiff that I would recommend that his case should be dismissed if he failed to appear at the second conference on November 16. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2).

## BACKGROUND

      Plaintiff filed this action in the Small Claims Part of the Civil Court of the City of New York, Kings County. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.[1]

---

[1] Defendant's notice of removal informs the Court that plaintiff incorrectly named defendant and that defendant has not been properly served. The entity that provides the benefits alleged to be owed by plaintiff is The District Council 1707 Local Home Care Employees Health and Welfare Fund. The Notice of Claim and Summons to Appear was served on Daniel H. Cook Associates, the Fund's third party claims administrator incorrectly named as "Dancoke Associates."

Defendant's notice of removal states, upon information and belief, that plaintiff is a principal of Downtown Footcare, formerly known as Gallery Foot Care, who alleges that he is entitled to payment from the District Council 1707 Local 389 Home Care Employees Health and Welfare Fund (the "Fund") based on an assignment of benefits in connection with foot care services rendered by plaintiff to Dillcia Goddard, a participant in the Fund. The Fund's insurance plan is governed by ERISA. Defendant thus avers that plaintiff's claim for the payment of benefits arises under ERISA, and removes this action to this Court under Section 502 of ERISA, 29 U.S.C. § 1132. Defendant mailed a copy of the Notice of Removal to plaintiff on March 11, 2005.

On August 19, 2005 the Court issued an order scheduling the initial conference in this matter for October 19, 2005. A copy of the order was sent to plaintiff at 105 Court Street, Suite 511, Brooklyn NY 11201, which is the address plaintiff listed when he filed this action in small claims court. The scheduling order was not returned as undelivered to the Court, and plaintiff is assumed to have received it. Plaintiff failed to appear at the conference. The Court's October 25, 2005 order, which was also sent to the Court Street address and not returned, rescheduled the initial conference for November 16, 2005 and warned plaintiff that I would recommend that his complaint should be dismissed if he failed to appear on November 16 and show cause for his failure to appear as ordered on October 19. Plaintiff did not appear on November 16 and has not contacted the Court to explain his failure to do so, nor has plaintiff contacted defendant.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "If a party or a party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at

a scheduling or pretrial conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Under Rule 37(b)(2)(C), the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2)(C) ("... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) [a]n order ... dismissing the action or proceeding or any part thereof ...."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff was warned by the Court's October 25, 2005 order that I would recommend that his action should be dismissed if he failed to appear and show cause on November 16. That order, and the previous order scheduling the initial conference, were sent to the address provided by plaintiff when he filed this action in small claims court and have not been returned. Accordingly, it is recommended that the instant action should be dismissed for plaintiff's failure to obey the Court's Rule 16 orders.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review.

3

<u>Marcella v. Capital District Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Secretary of Health and Human Services</u>, 892 F.2d 15 (2d Cir. 1989); see <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED:

_____
LOIS BLOOM
United States Magistrate Judge

Dated: November 21, 2005
       Brooklyn, New York

4